[No. 14357. In Bank. — July 1, 1891.]

FRANCES B. RAYMOND, RESPONDENT, *v.* J. McMULLEN ET AL., APPELLANTS.

APPEAL — DISMISSAL — FAILURE TO FILE TRANSCRIPT — STIPULATION — FAILURE OF CONSIDERATION. — Where the attorney for the respondent made a stipulation giving the appellant a specified number of days after the determination, upon appeal, of another case involving the same questions, within which to file his transcript, and the sole consideration of the stipulation was the appellant's oral agreement to have the other case fully argued as soon as possible, to the end that a decision therein would serve to advise the parties as to their legal rights in the case in which the stipulation was made, the dismissal of the appeal in the other action by the appellant, before its presentation to the court, amounts to a failure of consideration, and the stipulation cannot be invoked as binding upon the respondent, who is entitled to have the appeal dismissed for failure to file the transcript.

STIPULATION — PAROL EVIDENCE — CONSIDERATION — FAILURE. — Not only can the consideration for making the stipulation be established by parol, but it can also be shown that the consideration has failed, and when so shown, the stipulation cannot be invoked by the party through whom the failure has occurred.

MOTION to dismiss an appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*R. Percy Wright,* for Appellants.

*Edward R. Taylor,* for Respondent.

HARRISON, J. — Motion to dismiss the appeal.

The appeal in this case was taken January 29, 1889. At the same time appeals were taken on behalf of the same appellants in several other actions involving the same or similar questions, one of which actions was *Hartshorne* v. *McMullen;* and on the 2d of February, 1889, at the request of the attorney for the appellants, the attorney for the respondent made the following stipulation: —

" In the Supreme Court of the State of California.

" Frances B. Raymond, Respondent, *v.* J. McMullen et al., Appellants.

" It is hereby stipulated that the appellants may have ten (10) days after the filing of the *remittitur* in the superior court of the city and county of San Francisco, in *Hartshorne* v. *McMullen et al.,* on appeal to this court from the judgment and order denying the motion of defendants for a new trial, within which to file and serve their transcript on appeal herein.

" TAYLOR & HAIGHT,

" Attorneys for Respondent."

The transcript in *Hartshorne* v. *McMullen* was filed in this court August 27, 1889, and the cause was placed upon the calendar of this court for the January session of the present year, and set down to be argued February 19, 1891. No points or authorities were filed on behalf of appellants, as required by rule 2 of this court, and on the 17th of February, upon the *ex parte* motion of the appellants, the appeal was dismissed. Prior to the issuing of *remittitur* thereon, the respondent made a motion to dismiss the appeal in this cause, upon the ground that no transcript had been filed in this court; and in response to the above stipulation, relied upon by the appellants in resisting his motion, contends that the consideration upon which the stipulation was given has failed, and that he is not bound thereby. In support of this contention he presents an affidavit wherein he states "that soon after said appeals were perfected, Mr. R. Percy Wright, the attorney for defendants and appellants, came to the office of this affiant and represented to affiant that it would cost a good deal of money to print and file the transcripts on appeal in all of said actions, and that it was useless to do so, as one case in each set of said cases would probably determine all of the rest, and proposed to affiant that the transcripts in two of the said cases only be printed and filed, and that the ne-

cessary points and argument be made and presented on them, so that they might be determinative of the rest, and expense be saved to each party litigant; that affiant thereupon agreed to the said proposition of said Wright, upon the express condition, and no other, that the two cases in which the transcripts were to be printed and filed should be fully argued by said Wright in the regular course of business of this court, to the end that the decision in said cases should, as soon as might be, serve to advise the parties litigant as to their legal rights; that the stipulation relied upon on this motion by defendants was signed by affiant upon the aforesaid express condition, and upon no other, and that there was no consideration for affiant's entering into said stipulation, save that of the benefit which would result to his clients from having the aforesaid two cases in which the transcripts were to be filed fully argued and decided on the merits; and affiant further says that said Wright, at the time of the signing of the said stipulation by affiant, well knew, and has always known, that affiant would not have signed the same except upon the aforesaid condition and consideration."

These facts are practically conceded by the respondent, as in his affidavit in reply thereto he merely avers that " neither at the time said stipulations were signed by the attorneys for respondents, nor at any time previous thereto, was it ever *stated* to the appellants, or to this deponent, that said stipulations were to be or were given upon any condition, or on any terms other than those expressed therein."

It is very evident from the foregoing history of the case, and from the affidavits offered in behalf of the respective parties, that the only consideration for the stipulation given by the respondent was, that the appellant should take such steps in the case of *Hartshorne* v. *Mc-Mullen* as would result in a decision of this court being rendered therein which should be a guide to the parties

in determining the course to be pursued in the other cases. It was not necessary that the consideration should be expressed in the stipulation. A stipulation is only an agreement, and, as in the case of any other agreement, not only can the consideration for making it be established outside of the agreement itself, but it can also be shown that such consideration has failed, and when so shown, the stipulation cannot be invoked by the party through whom the failure has occurred.

In the present case it is evident that the stipulation was for the sole benefit of the appellants. By obtaining it they were relieved from paying the costs of the appeal, as well as the expenses of printing the transcript. On the other hand, unless there should be some decision by this court in the case of *Hartshorne* v. *McMullen* by which a rule should be laid down for guidance in the other cases, the respondent gained nothing whatever, and was in reality deprived of advantages which, but for the stipulation, he would have enjoyed. The actions were brought for the purpose of removing a cloud from the title of the respective plaintiffs to certain land in San Francisco, caused by an adverse claim of the appellants thereto, and each involved the same questions of law and fact. Judgment had been rendered in the court below in favor of the plaintiffs in the several actions, and the defendants had appealed from each of those judgments. By virtue of these appeals, the operative effect of the judgments was suspended, and the adverse claim of the defendants left undetermined. The respondents were therefore deprived of the benefit of their judgment pending this appeal, and the cloud was left upon their title to the land involved in the action. The respondent would naturally be desirous of having the judgment become final at as early a day as possible, and without this stipulation would have realized this desire at the same time with the decision in the other case. The dismissal of the appeal before its presentation to this court,

and the consequent failure on the part of the appellants to procure a decision of this court upon the matters in controversy, deprived the respondent of the benefit of having his judgment become final, and left it in the same condition in which it was at the time the stipulation was given, so that he failed to receive any of the benefit offered to him as the consideration for making the stipulation.

We hold, therefore, that inasmuch as the consideration for the stipulation has failed, it cannot be invoked as binding upon the respondent, and that he is entitled to have the appeal herein dismissed, and it is so ordered.

SHARPSTEIN, J., McFARLAND, J., PATERSON, J., DE HAVEN, J., and BEATTY, C. J., concurred.

Rehearing denied.